### CASE *vs.* TOWLE.

It is not a matter of course to permit the appellant, in an appeal from a surrogate's decision, in relation to the capacity of a testator to make a will, to produce additional evidence, not offered, or attempted to be produced before the surrogate; especially where the evidence is not newly discovered, but is such as the appellant might have produced before the surrogate.

THIS was an application, on the part of the appellant, to produce further testimony as to the capacity of the decedent to execute a will.

*W. L. F. Warren*, for the appellant.

*J. C. Hart*, for the respondent.

THE CHANCELLOR. It is not a matter of course to permit the appellant, in an appeal from a surrogate's decision, to produce further proof, which was not offered or attempted to be produced before the surrogate; especially where it is not newly discovered evidence which the appellant could not have produced before the judge *a quo*. Here the father of the appellant was fully apprised, by the testimony of the physician, that the capacity or incapacity of the decedent was one upon which there was conflicting testimony; and there is no affidavit of any witness who it is now proposed to examine, showing that the decedent was incompetent. And the affidavit of the father of the appellant, who married a sister of the testatrix, does not state that he believes she was so far deprived of reason as to be incapable of making a valid will. There is therefore no sufficient reason shown in this case for allowing new evidence to be

given, upon this appeal, which was not offered before the surrogate, nor before the circuit judge on the appeal to him.

The application is therefore denied ; and the respondent's costs of opposing the application, to be taxed, are to abide the event of the appeal.